**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 2:05-cr-0440-RLH-LRL |
| ) | Motion to Dismiss (#50) |
| DONALD M. DAVIDSON, ) | |
| ) | |
| Defendant. ) | |
| ) | |

# REPORT & RECOMMENDATION

The matter before the court is the defendant Donald M. Davidson's Motion to Dismiss Superseding and Second Superseding Indictments (#50). The court has considered the motion, the government's Response (#59), and Mr. Davidson's Reply (#66). Mr. Davidson alleges that the charges that were added to the first and second superseding indictments were the product of vindictiveness on the part of the prosecutor in retaliation for Mr. Davidson having testified for the defense and against the government at the sentencing hearing of Lance Malone. For the reasons that follow, the undersigned U.S. Magistrate Judge recommends that the motion be denied.

**PROCEDURAL BACKGROUND**

On November 22, 2005, the Federal Grand Jury returned an indictment against Mr. Davidson, charging him with conspiracy to commit mail fraud and money laundering arising out of a scheme to bribe then County Commissioner Erin Kenny in connection with a proposed commercial development at the corner of Desert Inn Road and Buffalo Drive. The indictment also contained ten counts of mail fraud and three counts of money laundering relating to the same scheme.

The lead prosecutor in this case is Assistant U.S. Attorney Daniel Schiess. Mr. Schiess was also the lead prosecutor in *United States v. Lance Malone, et al.* In that case Mr. Malone entered a guilty plea on September 19, 2006. On October 24, 2006, a first superseding indictment was filed in this case, adding a conspiracy count and associated wire fraud counts alleging a separate bribery scheme involving an attempt by Mr. Davidson and an unnamed coconspirator to bribe an unnamed Las Vegas city councilman to vote in favor of "certain matters" before the Las Vegas City Council. Hence, the first superseding indictment alleged two separate conspiracies: one involving the above-referenced scheme to bribe Ms. Kenny, and the other involving a scheme to bribe a city councilman.

On February 13 and 14, 2007, a sentencing hearing was conducted in the Malone case. Mr. Schiess urged the sentencing judge, U.S. District Judge Larry R. Hicks, to consider evidence that Mr. Malone, when he was a County Commissioner, agreed to accept a $200,000 bribe from Mr. Davidson and one Eskander Ghermezian, an owner of Triple Five Nevada Development Corporation, to vote for a casino project in Spring Valley. Mr. Schiess contended that such conduct was part of a common scheme or plan, and was therefore relevant for sentencing purposes. Mr. Malone objected to the admission of such evidence on the grounds that the government couldn't prove that such a bribery scheme existed, and that in any event such a bribery scheme did not constitute relevant conduct for sentencing purposes. To prove that the bribery scheme occurred, Mr. Schiess introduced intercepted telephone calls between Mr. Malone and Mr. Davidson concerning the Spring Valley casino matter. To contradict the government's evidence, Mr. Davidson submitted an affidavit denying that he bribed Mr. Malone, and at the sentencing hearing testified that he didn't bribe Mr. Malone.

After noting how "potent" Title III wire intercepts are as evidence in a corruption case generally and in the *Malone* case in particular because "they open a window into exactly what was going through a person's mind at the time," Sentencing Transcript at 357, attached as Exhibit 11, Document 50-21, to Davidson Motion to Dismiss (#50), Judge Hicks said:

2

> But the fact is, at that time at least, Mr. McDonald, Mr. Davidson, and Mr. Malone, were not charged with the offenses that are related to that particular conduct.
>
> Since then, Mr. Davidson has been indicted as I understand it. Again, that's not a case which is before me. And Mr. McDonald has not been indicted. I think some of the reasons why have probably surfaced in the course of what was presented here in the courtroom. And I would assume that also *because there has been a prosecution of Mr. Malone, which has been successful by virtue of his guilty plea in this case, he was not charged in connection with those Triple Five and Michael McDonald incidents.*
>
> But the fact is that the sentencing guidelines are created and developed by a commission which contemplates that such outside conduct is going to be handled by other prosecutions, and a conviction for -- on such other prosecutions resolves everything from constitutional concerns to providing a more uniform application of the sentencing guidelines.... What I'm leading up to is the obvious, ... that relevant conduct, in the Court's mind, almost always is directly related to the underlying offense of conviction.

Sentencing Transcript at 358-59 (emphasis added). Accordingly, Judge Hicks declined to consider for sentencing purposes evidence of Mr. Malone's alleged involvement in a Spring Valley casino bribery scheme because it was not directly related to, and therefore not relevant to the sentencing proceeding on the particular bribery and extortion scheme of which Mr. Malone had been convicted. Nevertheless, Judge Hicks sentenced Mr. Malone to a lengthy term of imprisonment.

On February 20, 2007, Mr. Schiess caused a grand jury subpoena to be served on Mr. Malone. Having been granted use immunity pursuant to 18 U.S.C. § 6002-6003, Mr. Malone appeared before the federal grand jury on February 27, 2007 and answered Mr. Schiess's questions.

On March 13, 2007, a second superseding indictment was filed. The second superseding indictment expanded the scope of the conspiracy count involving Ms. Kenny. In addition to the bribery scheme relating to the commercial property at Desert Inn and Buffalo, it included a series of unlawful payments from Triple Five through Mr. Davidson to Ms. Kenny for her vote approving the casino project in Spring Valley Township, and a payment from All American Land Corporation through Mr. Davidson to Ms. Kenny for her approval of a zoning change on

3

property located at Ft. Apache Road and Maule Avenue. The scheme to bribe a city councilman alleged in the superseding indictment was forwarded to the second superseding indictment. The only modification to that conspiracy charge was that the unnamed coconspirator was identified as Mr. Malone. Additionally, the second superseding indictment contained three forfeiture allegations.

Mr. Davidson contends that the charges that were added to the first and second superseding indictments were the product of prosecutorial vindictiveness against Mr. Davidson for having testified for Mr. Malone and against the government at Mr. Malone's sentencing hearing. On this basis he seeks an order dismissing all charges except those that were contained in the original indictment.[1]

The government contends that Mr. Davidson has failed to establish a prima facie case of vindictiveness as the motivation for adding the alleged conspiracy to bribe a city councilman in the first superseding indictment. As to the second superseding indictment, the government tacitly admits that Mr. Davidson has established a prima facie case of vindictiveness. The government contends, however, that the expansion of the second superseding indictment to include the scheme to funnel unlawful payments to Ms. Kenny for her vote on the Spring Valley casino project, and the payment to Ms. Kenny for her approval of a zoning change on property located at Ft. Apache Road and Maule Avenue, was justified by independent reasons and intervening circumstances, and was not the product of vindictiveness.

The government states, for example, that the grand jury investigation into Mr. Davidson's alleged scheme to bribe a city councilman was ongoing at the time the original indictment was returned. To include the charge in the original indictment prematurely would

---

[1] The second superseding indictment contains the charges that were set forth in the original indictment, those added in the first superseding indictment, and, of course, the charges added in the second superseding indictment. Mr. Davidson has been arraigned on and pled not guilty to all the charges contained in the second superseding indictment. At this point it is the only operative indictment.

4

have jeopardized the investigation. Hence, only in a superseding indictment would the government be able to file the charge. Additionally, the government notes that during Mr. Malone's sentencing hearing, which took place after the first superseding indictment was filed, Judge Hicks ruled that he would not consider the scheme to bribe Mr. Malone in connection with the Spring Valley casino project because it was not conduct of which Mr. Malone was formally accused in his case, and therefore was not directly related to the bribery and extortion scheme of which he was convicted. In view of that ruling, the government states that in order to preserve its ability at trial in this case to offer evidence of the other bribery schemes in which Mr. Davidson was allegedly involved with Ms. Kenny, Mr. Schiess felt compelled to charge those schemes in the second superseding indictment. Finally, the government states that the forfeiture allegations in the second superseding indictment were the product of an increased understanding of forfeiture law gained by Mr. Schiess during Mr. Malone's sentencing proceedings. The government maintains that these independent reasons and intervening circumstances justified all the new charges set forth in the first and second superseding indictments.

## DISCUSSION

"A prosecutor violates due process when he seeks additional charges solely to punish a defendant for exercising a constitutional or statutory right." *United States v. Hernandez-Herrera*, 273 F.3d 1213, 1217 (9th Cir. 2001). Vindictive prosecution may be shown in two ways. Due process is violated when *actual* vindictiveness is shown. *United States v. Goodwin*, 457 U.S. 368, 380 n. 12 (1982). Or the circumstances may reflect a sufficient likelihood of vindictiveness to warrant a presumption of vindictiveness. *Blackledge v. Perry*, 417 U.S. 21, 27 (1974).

> The appearance of vindictiveness test is not a per se rule striking down any increased charge following any act by the defendant...; the link of vindictiveness cannot be inferred simply because the prosecutor's actions followed the exercise of a right, or because they would not have been taken but for exercise of a defense right. Rather, the appearance of vindictiveness results only where, as a

5

> practical matter, there is a realistic or reasonable likelihood of prosecutorial conduct that would not have occurred but for hostility or a punitive animus towards the defendant because he has exercised his specific legal rights.
> When increased charges are filed in the routine course of prosecutorial review or as a result of continuing investigation, there is no realistic likelihood of prosecutorial abuse, and therefore no appearance of vindictive prosecution arises merely because the prosecutor's action was taken after a defense right was exercised.... It is only when prosecutorial actions stem from an animus toward the exercise of a defendant's rights that vindictive prosecution exists.

*United States v. Gallegos-Curiel*, 681 F.2d 1164, 1168-69 (9th Cir. 1982)(citations omitted).

> There is good reason to be cautious before adopting an inflexible presumption of prosecutorial vindictiveness in a pretrial setting. In the course of preparing a case for trial, the prosecutor may uncover additional information that suggests a basis for further prosecution or he may simply come to realize that information possessed by the State has a broader significance. At this stage of the proceedings, the prosecutor's assessment of the proper extent of prosecution may not have crystallized. . . . A prosecutor should remain free before trial to exercise the broad discretion entrusted to him to determine the extent of the societal interest in prosecution. An initial decision should not freeze future conduct.

*Goodwin*, 457 U.S. at 381-82. Where a presumption is raised, the burden shifts to the government to show that "independent reasons or intervening circumstances dispel the appearance of vindictiveness and justify its decisions." *United States v. Montoya*, 45 F.3d 1286, 1299 (9th Cir. 1995).

*The First Superseding Indictment*

The first superseding indictment was returned almost four months prior to the occurrence of the event that, according to Mr. Davidson, sparked the government's vindictiveness. The first superseding indictment was filed on October 24, 2006. Mr. Davidson didn't testify on behalf of Mr. Malone until the sentencing hearing on February 13, 2007. Hence, the city councilman bribery conspiracy charge that was added to the first superseding indictment could not have been the product of vindictiveness.

*The Second Superseding Indictment*

The second superseding indictment was returned on March 13, 2007, one month after Mr. Davidson testified for Mr. Malone. It increased the charges against Mr. Davidson by expanding the scope of the conspiracy count involving Ms. Kenny to include unlawful payments

6

1 to Ms. Kenny from Triple Five and All American Land Corporation.  Mr. Davidson contends
2 that the increased charges were the product of the vindictiveness of Mr. Schiess, whose effort
3 to obtain a longer sentence for Mr. Malone was frustrated by the affidavit and testimony given
4 by Mr. Davidson at the sentencing hearing.  In Mr. Davidson's view, the timing of his affidavit
5 and testimony, followed closely by the increased charges, creates such a strong appearance of
6 vindictiveness as to give rise to a presumption of vindictiveness.  The government tacitly
7 concedes that the presumption exists, and sets about to rebut it.  The government concedes too
8 much.

9      A close review of the sentencing hearing reveals that Judge Hicks' reason for declining
10 to consider Mr. Malone's alleged involvement in the Spring Valley casino bribery scheme had
11 nothing to do with and was not influenced by Mr. Davidson's declarations or testimony.  During
12 his discussion of this issue, Judge Hicks commented on the "potency" of wiretap evidence in
13 corruption cases.  He did not comment on Mr. Davidson's testimony.  Indeed, after hearing the
14 wiretap evidence offered at the sentencing hearing, and wondering aloud why Mr. Malone had
15 not been indicted for the Spring Valley casino bribery scheme and the scheme to bribe a city
16 councilman, Judge Hicks said, "I would assume that because there has been a prosecution of
17 Mr. Malone, which has been successful by virtue of his guilty plea in this case, he was not
18 charged in connection with those Triple Five and Michael McDonald incidents."  In explaining
19 why he would not consider Mr. Malone's alleged involvement in those incidents for sentencing
20 purposes, Judge Hicks did not say he didn't believe the conduct took place, or that he had a
21 substantial doubt that the conduct took place.  He said:

22    But the fact is that the sentencing guidelines are created and developed by a
commission which contemplates that such outside conduct is going to be handled
23 by other prosecutions, and a conviction for -- on such other prosecutions resolves
everything from constitutional concerns to providing a more uniform application
24 of the sentencing guidelines....  What I'm leading up to is the obvious, ... that
relevant conduct, in the Court's mind, almost always is directly related to the
25 underlying offense of conviction.

26 Sentencing Transcript at 358-59.  Thus, it is clear that Judge Hicks believed that for sentencing

7

1  purposes it was the sentencing guidelines that prohibited him from considering Mr. Malone's
2  alleged involvement in the Triple Five and city councilman bribery schemes. Nothing in the
3  record suggests that Mr. Davidson's testimony played any role in Judge Hicks' analysis or
4  decision. Notwithstanding Mr. Davidson's perception to the contrary, he was not responsible
5  for frustrating the government's sentencing position.

6  The court does not believe Mr. Schiess is irrational. Nor does the court give any weight
7  to Mr. Davidson's observation that "Mr. Schiess is in denial within himself as to his
8  vindictiveness here." Davidson's Reply (#66) at 5. The court finds that there is no "realistic
9  or reasonable likelihood" that Mr. Schiess would file increased charges to punish Mr. Davidson
10 for something for which Mr. Davidson clearly was not responsible. *United States v. Gallegos-*
11 *Curiel*, *supra*, 681 F.2d at 1169. Based on this record, the court finds that the filing of the
12 second superseding indictment one month after Mr. Davidson testified at Mr. Malone's
13 sentencing hearing, without more, did not create an appearance of vindictiveness. As the court
14 noted in *Gallegos-Curiel*, "[w]hen increased charges are filed in the routine course of
15 prosecutorial review or as a result of continuing investigation, there is no realistic likelihood of
16 prosecutorial abuse, and therefore no appearance of vindictive prosecution arises merely
17 because the prosecutor's action was taken after a defense right was exercised." *United States*
18 *v. Gallegos-Curiel*, 681 F.2d at 1169.

19 Even if for the sake of argument it could be said that there was an appearance of
20 vindictiveness, Mr. Schiess's explanation of the circumstances leading to the return of the
21 second superseding indictment is credible and reasonable. It establishes that legitimate
22 prosecutorial considerations governed his actions in this case. Mr. Davidson's claim of
23 vindictive prosecution is without merit.
24 . . .
25 . . .
26 . . .

8

**RECOMMENDATION**

Based on the foregoing, it is the recommendation of the undersigned U.S. Magistrate Judge that Mr. Davidson's Motion to Dismiss Superseding and Second Superseding Indictments (#50) should be denied.

DATED this 6th day of June, 2007.

_____
**LAWRENCE R. LEAVITT**
**UNITED STATES MAGISTRATE JUDGE**