1

2

3

4          **UNITED STATES DISTRICT COURT**

           **DISTRICT OF NEVADA**

                    * * *

5   UNITED STATES OF AMERICA,

6              Plaintiff,

7   v.                                      2:05-cr-0440-RLH-LRL

8   DONALD M. DAVIDSON, *et al.*,           **MOTION TO DISMISS (#49)**

9              Defendants.

10

11             **REPORT & RECOMMENDATION**

12       The matter before the court is the defendant Donald M. Davidson's Motion to Dismiss

13  Count One of the Second Superceding Indictment (#49).  The court has considered the motion,

14  the government's Response (#59), and Mr. Davidson's Reply (#66).  Mr. Davidson is awaiting

15  trial on a second superseding indictment charging him with conspiracy, mail fraud, wire fraud,

16  and money laundering.  The indictment also contains three forfeiture allegations.  (*See* Second

17  Superseding Indictment (#40).)

18       Count One of the Second Superseding Indictment alleges a conspiracy to (1) commit

19  mail fraud by defrauding the Clark County Commission and the citizens of Clark County of

20  their intangible right to the honest services of then County Commissioner Erin Kenny for the

21  private gain of Ms. Kenny and the defendants; and (2) to commit money laundering by engaging

22  in financial transactions with the proceeds of unlawful activity with the intent to conceal or

23  disguise the location, source and ownership of the said proceeds.  The alleged scheme involved

24  paying Ms. Kenny to facilitate favorable zoning changes for several properties.  Ten counts of

25  mail fraud and seven counts of money laundering are charged in connection with this scheme.

26  *Id.* at 6–20.

Mr. Davidson appears to contend that the conspiracy charge set forth in Count One is duplicitous, *i.e.*, it joins in a single count multiple distinct conspiracies: (1) to unlawfully pay Ms. Kenny in connection with a proposed commercial development at the corner of Desert Inn Road and Buffalo Drive; (2) to pay Ms. Kenny monthly for her vote approving a casino project in Spring Valley Township; and (3) to pay Ms. Kenny for her approval of a zoning change on property located at Fort Apache Road and Maule Avenue. Mr. Davidson further contends that the Spring Valley Casino allegation was beyond the statute of limitations when the original indictment was returned. Alternatively, he argues that the monthly payments to Kenny could not have been part of the alleged conspiracy because they were not used to facilitate the objective of the alleged agreement. For these reasons Mr. Davidson contends that Count One of the Second Superseding Indictment should be dismissed.

The government contends that Count One charges a single overall conspiracy to deprive the public of its right to Ms. Kenny's honest services. The government argues that although the first of many monthly payments was made to Ms. Kenny after the County Commission's vote on the Spring Valley Casino project, the payments were intended to gain access to, and get preferential treatment from, Ms. Kenny. After the monthly payments to Ms. Kenny had begun, Mr. Davidson asked her to look after the Fort Apache Road/Maule Avenue matter. The government contends that when Ms. Kenny voted to approve the Fort Apache Road/Maule Avenue project, the honest services fraud regarding that project was complete. The government further argues that the monthly payments to Ms. Kenny constitute honest services fraud for the additional reason that they form the basis for Ms. Kenny's failure to disclose her conflict of interest. The government maintains that the Spring Valley Casino and Fort Apache Road/Maule Avenue activities took place early in a single conspiracy that later included unlawful payments to Ms. Kenny in connection with the Desert Inn Road/Buffalo Drive project.

. . .

. . .

**DISCUSSION**

*1. Duplicity*

The court looks to the indictment itself to determine whether it may fairly be read to charge a single crime in each count. *See United States v. Morse*, 785 F.2d 771, 774 (9th Cir. 1986) (citation omitted), *cert. denied*, 476 U.S. 1186 (1986). An indictment charging a conspiracy to commit more than one offense is not duplicitous. *United States v. Smith*, 891 F.2d 703, 712 (9th Cir. 1989), *cert. denied*, 498 U.S. 811 (1990). The conspiracy itself is the crime, and it may have multiple objectives. *United States v. Dale*, 178 F.3d 429, 431 (6th Cir. 1999). The test for determining whether a single conspiracy exists "is whether there [is] one overall agreement to perform various functions to achieve the objectives of the conspiracy." *United States v. Otis*, 127 F.3d 829, 835 (9th Cir. 1997). Continuous activity is not required for a single conspiracy, and a suspension of activities does not necessarily divide one conspiracy into two. *United States v. Little*, 753 F.2d 1420, 1448 (9th Cir. 1985) ("A conspiracy is presumed to continue until there is affirmative evidence of abandonment, withdrawal, disavowal, or defeat of the purposes of the conspiracy.").

Here, Count One of the Second Superseding Indictment alleges that the objectives of the conspiracy were "to devise and execute a scheme and artifice to defraud, that is, a scheme and artifice to deprive the County Commission and the citizens of Clark County of their intangible right to Kenny's honest services for the private gain of Kenny and the defendants;" and to launder the proceeds of the said unlawful activity. (Second Superseding Indictment (#40) at 6.)

> To find this indictment duplicitous, we would have to conclude that, as a matter of law, a description of the [three zoning schemes] necessarily embraces more than a single scheme. The law of this circuit, however, takes a broad view of single scheme: "the defrauding of different people over an extended period of time, using different means and representations, may constitute but one scheme." [*United States v. Mastelotto,* 717 F.2d 1238, 1245 (9th Cir. 1983)] (quoting *Owens v. United States,* 221 F.2d 351, 354 (5th Cir.1955)). Under this standard, the indictment may fairly be read to charge but a single scheme and is therefore not duplicitous.

*Morse*, 785 F.2d at 774.

3

Mr. Davidson's argument that there is a variance between pleading and proof is premature. Although Mr. Davidson admits this is not the time to challenge the truth of the allegations against him, that is precisely what he's done. (*See* Mot. (#49) at 4 n.2.) His interpretation of the "evolution" of the indictments has no bearing on, and cannot enable the court to make a finding, that there will be a fatal variance between pleading and proof.

*2. Statute of Limitations*

Mr. Davidson appears to contend that the Spring Valley casino aspect of the conspiracy alleged in Count One of the Second Superseding Indictment was outside the statute of limitations when the original indictment was filed, and therefore is time barred. The statute of limitations for a conspiracy charge begins to run from the time of the last overt act committed by any of the conspirators. *Fiswick v. United States*, 329 U.S. 211, 216 (1946). Generally, the date of the original indictment tolls the limitations period as to the charge alleged. *United States v. Sears, Roebuck & Co., Inc.*, 785 F.2d 777, 778 (9th Cir. 1986) (citation omitted), *cert. denied*, 479 U.S. 988 (1986). A superseding indictment relates back to the original indictment unless it broadens or substantially amends the charges. *Id.*

Here, the court has found that the Spring Valley casino matter was part of one overall conspiracy to deprive the public of Ms. Kenny's honest services. The last alleged overt act in furtherance of the Spring Valley casino aspect of the conspiracy occurred on April 1, 2002. Indeed, the very last overt act alleged in Count One took place on April 4, 2003. That act was alleged to be in furtherance of the Desert Inn Road/Buffalo Drive aspect of the conspiracy. The original indictment was returned on November 22, 2005. These overt acts were well with the limitations period.

*3. Forfeiture Allegations*

Mr. Davidson cites *United States v. Zvi*, 168 F.3d 49 (2d. Cir. 1999), for the proposition that he had inadequate notice of the forfeiture allegations because they were not mentioned in the earlier indictments. (*See* Mot. (#49) at 8.) The *Zvi* court found that the limitation period

4

regarding the money laundering counts was not tolled by the original indictment. Therefore the court reversed the judgments regarding the related criminal forfeitures. *Zvi*, 168 F.3d at 55. Here, this court impliedly finds that the limitation periods were tolled by the original indictment. *Zvi* is therefore inapposite. Even if, however, the limitation periods were *not* tolled by the original indictment, the last overt act alleged in Count One is still within the period of limitation.

## RECOMMENDATION

Based on the foregoing, it is the recommendation of the undersigned United States Magistrate Judge that defendant Davidson's Motion to Dismiss Count One of the Second Superceding Indictment and Any Forfeiture Allegations Related Thereto for Duplicity Resulting in Prejudice Through Violations of the Statute of Limitations, Prejudicial Variance and Due Process of Law (#49) should be denied.

DATED this 7th day of June, 2007.

_____
**LAWRENCE R. LEAVITT**
**UNITED STATES MAGISTRATE JUDGE**