# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | 2:05-cr-0440-RLH-LRL |
| vs. | ) | **ORDER** |
| | ) | (Motion for New Trial–#144) |
| DONALD M. DAVIDSON, | ) | |
| Defendant. | ) | |

Before the Court is Defendant Donald M. Davidson's **Motion for New Trial Pursuant to Federal Rules of Criminal Procedure 33** (#144, filed August 15, 2007). The United States' Response (#148) was filed August 22, 2007.  There is no reply filed.

This motion follows a jury trial conducted June 20-July 17, 2007, which resulted in verdicts of guilty for Counts 19-24.  The jury deadlocked as to Counts 1-18.

Defendant Davidson's motion does not address errors in the trial itself.  Rather, it contends that the Court erred in denying Defendant's pretrial motions to dismiss the Superseding and Second Superseding Indictment, on the basis of vindictiveness; to sever counts; and to dismiss Count One, of the Superseding Indictment, for duplicity and statute of limitations violations.

Defendant Davidson has failed to show that the Court erred in its original rulings, or that the interest of justice requires a new trial pursuant to Rule 33.  Accordingly, the motion will be denied.

////

1

## DISCUSSION

The pretrial motions in question (## 49, 50) were carefully considered by Magistrate Judge Lawrence R. Leavitt, who prepared two reports and recommendations (#70, filed June 6, 2007, and #71, filed June 7, 2007). Upon objection by the Defendant, this Court carefully reviewed both reports and recommendations *de novo*, and affirmed and adopted the recommendations to deny the motions in Orders (## 83, 84) dated June 19, 2007.

Judge Leavitt's reports and recommendations provide a thorough analysis of the issues, correct citation of the controlling law, and clear explanation of the bases for his decision. Rather than quoting those documents in their entirety here, the Court incorporates hereat both reports and recommendations *in haec verba*. However, it will take the liberty of quoting some selected passages from those documents as well as additional comments in support thereof.

### I. NO EVIDENCE OF VINDICTIVE PROSECUTION

Defendant Davidson argues, as he did in his Motion to Dismiss (#50), that the Second Superseding Indictment was filed out of vindictive retaliation against Davidson for testifying in favor of Lance Malone in Malone's sentencing.

In addressing Defendant's motion to dismiss based on prosecutorial vindictiveness, Judge Leavitt noted that "[T]he grand jury investigation into Mr. Davidson's alleged scheme to bribe a city councilman was ongoing at the time the original indictment was returned. To include the charge in the original indictment prematurely would have jeopardized the investigation." (R&R #70, page 4, line 20-page 5, line 1.)

Furthermore, the United States has submitted a portion of its prosecution memorandum which shows that even before the first indictment was filed, it was anticipated that the indictment would have to be superseded. (Response to Defendant's Motion, Attachment A)

Finally, a review of the sentencing hearing in the Malone sentencing shows that Judge Hicks' reason for declining to consider Mr. Malone's alleged involvement in the Spring Valley casino bribery scheme was not influenced by Davidson's declaration or testimony. Judge

2

Hicks made no comment on Mr. Davidson's testimony. Rather, he commented on the "potency" of wiretap evidence in corruption cases and wondered aloud why Malone had not been indicted for the Spring Valley casino bribery scheme.

His decision not to use Davidson's testimony was based upon Judge Hicks' finding "that relevant conduct, in the Court's mind, almost always is directly related to the underlying offense of conviction." Sentencing Transcript at 359. Thus, Judge Hicks felt the sentencing guidelines prohibited him from considering Malone's alleged involvement in the Triple Five and other bribery schemes. It was not Davidson's role or his testimony that caused Judge Hicks to refuse to consider the evidence the United States trying to present on those activities.

There is no evidence that the Second Superseding Indictment resulted from Defendant Davidson's exercising his right to testify on behalf of Malone at Malone's sentencing, or was prompted by vindictiveness on the part of the prosecutor.

.**II. SEVERANCE**

Fed. R. Crim. P. 8(a) permits the joinder of counts where they (1) are of the same or similar character, or (2) are based on the same act or transaction, or (3) are connected with or constitute parts of a common scheme or plan. Note that the requirements are in the disjunctive. Only one is required. The first ground is why several bank robberies by the same person or persons are usually charged in a single indictment, even though they are separate events.

Davidson contends that all the acts are distinct, that there are no similarities, leading to improper spillover of evidence. The evidence produced at trial justifies the findings of Judge Leavitt, *i.e.*, that the two conspiracies were of the same or similar character and thus properly joined. The factors which substantiate the Court's earlier decision are found here. They include "the elements of the statutory offenses, the temporal proximity of the acts, the likelihood and extent of evidentiary overlap, the physical location of the acts, the modus operandi of the crimes, and the identity of the victims." At trial the evidence established identical schemes, temporal overlap of approximately one year, the likelihood and extent of evidentiary overlap, same modus operandi, and

3

similar victims–John Hui and the public. *See United States v. Jawara*, 474 F.3d 565, 572-73 (9th Cir.2007). The evidence overlap involved the John Hui matters and Lance Malone's involvement in both conspiracies. Regarding the Hui matters, the Defendant improperly influenced Kenny to vote on Hui's zoning application for the Ft. Apache project. Similarly, the Defendant attempted to improperly influence McDonald to vote on Hui's projects in the city, one of which was located on Centennial Parkway and the other on Brent Lane.

The Defendant used Malone to attempt to bribe Dario Herrera in the CVS matter and McDonald in the Hui matters in the city. Additionally, the Defendant suggested to Malone that he was corruptly influencing Kenny in the Buffalo/DI matter. The Defendant told Malone that he needed to teach Kenny how to keep her mouth shut after she spoke out about the effort to obtain again an amendment to the land use plan for the Buffalo/DI property.

The best evidence of the fact that the joinder of the two conspiracies did not cause improper or unduly prejudicial spillover is in the jury's inability to reach a verdict on the Kenny conspiracy counts. The jury was apparently able to segregate the facts. Nor is there any evidence that the verdict was the result of a compromise. Had there been a compromise, one would expect guilty and not guilty verdicts. Here, the jury found Defendant Davidson guilty of some, but deadlocked on others.

**III. DUPLICITY AND STATUTE OF LIMITATIONS**

Defendant's claim that Count One involves more than one conspiracy ignores both the allegations of the indictment and the evidence presented. The Court has already incorporated Judge Leavitt's findings in his two reports and recommendations. Without quoting the paragraph in full, found on page 3 of Report and Recommendation (#71) filed June 7, 2007, lines 3-15, the Courts reiterates the authorities described therein.

In Count One of the Second Superseding Indictment, the Government charges that Defendant Davidson was engaged in an ongoing scheme or conspiracy, which occurred over a period of time and involved, in addition to the Defendant, a number of other people and activities,

4

but all of which were "to devise and execute a scheme and artifice to defraud, that is, a scheme and artifice to deprive the County commission and the citizens of Clark County of their intangible right to Kenny's honest services for the private gain of Kenny and the defendants. . . ." The indictment also alleged that the scheme also included the efforts to launder the proceeds of the said unlawful activity. (Second Superseding Indictment (#40) at 6.)

> To find this indictment duplicitous, we would have to conclude that, as a matter of law, a description of the [three zoning schemes] necessarily embraces more than a single scheme. The law of this circuit, however, takes a broad view of single scheme: "the defrauding of different people over an extended period of time, using different means and representations, may constitute but one scheme." [*United States v. Mastelotto*, 717 F.2d 1238, 1245 (9th Cir.1983)] (quoting *Owens v. United States*, 221 F.2d 351, 354 (5th Cir. 1955)). Under this standard, the indictment may fairly be read to charge but a single scheme and is therefore not duplicitous.

*United States v. Morse*, 785 F.2d 771, 774 (9th Cir.1986).

The evidence in this case supports a claim that the acts of Defendant Davidson, as described in Count One were the result of one ongoing scheme, not several independent conspiracies. The primary actors were the same, the methods were the same, and the efforts were toward the same intended result, *i.e.*, to ensure Kenny's favorable vote and assistance in getting zoning matters approved.

Defendant Davidson's arguments about the statute of limitations ignore the foregoing and fails to recognize that the statute of limitations began to run from the last overt act in the conspiracy, not with individual overt acts. The indictment was filed well within the statute of limitations and this argument is without merit.

Accordingly, for the reasons stated above, including the reasons well-articulated in the reports and recommendations of Magistrate Judge Leavitt, which have been adopted by this Court and incorporated herein *in haec verba*, and good cause appearing therefor,

/ / / /

/ / / /

5

IT IS HEREBY ORDERED that Defendant Donald M. Davidson's **Motion for New Trial Pursuant to Federal Rules of Criminal Procedure 33** (#144) is DENIED.

Dated: September 14, 2007.

_____
Roger L. Hunt
Chief United States District Judge